## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA HUDSON PATTERSON, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-05-1532 |
| | § | |
| UNITED STATES | § | |
| BUREAU OF PRISONS, | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

Patricia Hudson Patterson, a federal prisoner, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the administration of her sentence. She has also filed a memorandum in support of her petition. (Docket Entry No. 2). The threshold issue is whether this petition should be dismissed for failure to allege a violation of a federally protected right.

## I.      Background

Patterson was convicted in the United States District Court for the Western District of Louisiana of mail fraud. On February 19, 2004, the district court sentenced Patterson to serve 24 months in federal prison. Patterson does not challenge her underlying conviction or sentence. Instead, she challenges respondent's method of computing good time credits under 18 U.S.C. § 3624(b).

O:\RAO\LHR\2005\05-1532.A01

## II.     Analysis

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is properly used to challenge the manner in which a sentence is executed.  *See Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001).  A section 2241 petition that attacks the manner in which a sentence is carried out or a determination affecting its duration "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Because the petitioner is in custody at the Federal Prison Camp in Bryan, Texas, this court has jurisdiction over her petition.

The issue is whether the United States Bureau of Prisons (the "BOP") is required to calculate the amount of good time credit earned based on the term of imprisonment imposed or based on the term of imprisonment actually served.  Good time credit calculations for prisoners incarcerated in the BOP are governed by 18 U.S.C. § 3624(b), which reads in its entirety as follows:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such

institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

*Id.*

Patterson maintains that the plain language of the statute requires calculation of good time credits based on the "term of imprisonment" fixed by the sentencing judge. The Bureau of Prisons regulations calculate good time credits based on the amount of time served. Patterson argues that the statute requires that a prisoner be awarded "54 days" of credit for each year of the prison term imposed by the court. The BOP computes such credit based on each year served. The difference will result in her receiving 14 fewer days of good time credit over the course of her prison term. Patterson argues that she would be entitled to 108 days of good time credit if the calculation were based on each year of her "term of imprisonment" as *imposed* by the sentencing judge. By contrast, if calculated under the BOP's regulation governing good time computation based on each year *served*, she will receive only 94 days of good time credit.

The United States Court of Appeals for the Fifth Circuit has not yet determined whether 18 U.S.C. § 3624(b) creates a constitutionally protected interest in good time credits.  Assuming that it does, and assuming further that the claim is ripe for review, the claim is foreclosed by a recent published opinion from the Fifth Circuit.  In *Sample v. Morrison*, — F.3d —, 2005 WL 775816 (5th Cir. March 22, 2005), the Fifth Circuit rejected the precise argument advanced by the petitioner, holding that good time credit is properly awarded under section 3624(b) based on the term of imprisonment actually served:

> It is plain from the statute that an inmate must *earn* good time credit; the statute grants the BOP itself the power to determine whether or not, during a given year, the inmate has complied with institutional disciplinary rules.  Good time credit is thus not awarded in advance, and any entitlement to such credit for future years is speculative at best. The statute also plainly states that a prisoner cannot earn any good time credit until he has served at least one year of his prison term. At that time, and thereafter "at the end of each year" of the inmate's prison term, he "may" be awarded "up to 54 days" of good time credit. The plain effect of such annual awards is to reduce an inmate's prison term incrementally while he is serving it. For instance, if Sample were to receive annual awards of 54 days of credit until 2012, his sentence by that time would be several hundred days shorter than the 168-month term imposed by the court. The statute, however, contains no language that would permit him to receive additional good time credit based on the original prison term "as imposed" by the court, and it provides no method for computing such credit.

*Id*. at \*2.  The Fifth Circuit further held that, even if the statute could be construed as ambiguous, the BOP's interpretation was reasonable and entitled to deference under *Chevron U.S.A, Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984).  *See id.*  In so holding, the Fifth Circuit agreed with conclusions reached by two other circuit courts of appeal interpreting the same statute.  *See id.* (citing *White v. Scibana*, 390 F.3d 997, 1002-03 (7th Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1270-71 (9th Cir. 2003)).  Other circuits considering this issue have also reached the same result.  *See O'Donald v. Johns*, 402 F.3d 172 (3rd Cir. 2005) (upholding the BOP's policy of calculating good time credits based on time served); *Perez-Olivo v. Chavez*, 394 F.3d 45 (1st Cir. 2005) (reaching the same conclusion).

Patterson argues that this court should adopt the reasoning of *Moreland v. Bureau of Prisons*, No. H-04-3658 (S.D. Tex.).  That court explained that the BOP's interpretation violates: (1) the plain meaning and conventional usage by translating "at" to mean "after;" (2) the canon of statutory consistency by giving the same phrase different meanings within the same sentence; (3) the venerable rule of lenity by construing a penal statute more harshly against the prisoner; and (4) Congressional intent as reflected in the legislative history by devising a more complicated good-time system beyond the ready comprehension of inmates.  *Id.* at 17-18.  Because the issue

presented has been resolved against the petitioner by binding precedent, this court denies the habeas petition.

## III.    Conclusion

Patterson's motion for leave to proceed *in forma pauperis*, (Docket Entry No. 3), is **GRANTED**.  Patterson's petition for habeas corpus relief is **DENIED** and this case is **DISMISSED** with prejudice.   All remaining pending motions are DENIED as moot.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1).  This court will grant a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When the district court has denied a claim on procedural grounds, however, the petitioner must also demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.  As the Supreme Court made clear in its recent decision in *Miller-El v. Cockrell*, 537 U.S. 322 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued federal

courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners."   When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id*. at 1042.

Because Patterson has not made the necessary showing, this court will not issue a COA.

SIGNED on May 27, 2005, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge